<table>
<tr><td>

DISTRICT COURT, JEFFERSON COUNTY,
STATE OF COLORADO

Address:  100 Jefferson County Parkway
             Golden, Colorado 80401
             (720) 772-2500

</td><td>

DATE FILED: December 13, 2023 11:58 AM
FILING ID: 94887C368F512
CASE NUMBER: 2023CV31664

▲COURT USE ONLY▲

</td></tr>
</table>

| | |
|---|---|
| Plaintiff(s):<br>**STEVEN NORTON**, an individual,<br><br>v.<br><br>Defendant:<br>**AUTO-OWNERS INSURANCE COMPANY,** a Michigan Corporation. | Case Number:<br><br>Division: |
| *Attorneys for Plaintiff Steven Norton:*<br>Law Office of Timur Kishinevsky, LLC<br>Timur Kishinevsky, #31085<br>Michael J. Buchanan, #21780<br>2851 South Parker Road, Suite 150<br>Aurora, CO 80014<br>Phone: (720) 748-8888<br>Facsimile: (720) 748-8894<br>tkish@coloradolawteam.com<br>buchanan@coloradolawteam.com | |

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Steven Norton, through undersigned counsel, Michael J. Buchanan of The Law Office of Timur Kishinevsky, LLC, and for his Complaint and Jury Demand, states and alleges as follows:

### PARTIES

1.    Plaintiff Steven Norton ("Norton") is an individual, and at all times relevant to this Complaint, resides at 12305 W. 54th Drive, Arvada, Colorado 80002.

2.    Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners") is, based upon information and belief, a Michigan Corporation, licensed and in good standing to conduct business in the state of Colorado, with a principal business address of 6101 Anacapri Blvd., Lansing, Michigan 48917.  Auto-Owners' registered agent for service of process in the State of Colorado is C T Corporation System, 7700 East Arapahoe Road, Suite 220, Centennial, Colorado 80112.

## JURISDICTION AND VENUE

3.  The underlying event of an underinsured motor vehicle failing to yield the right of way while making a left turn, and crashing into the Plaintiff Norton's vehicle, causing personal injury to Plaintiff Norton, occurred in Lakewood (Jefferson County), Colorado.

4.  This Court has jurisdiction of this matter and the parties hereto pursuant to C.R.S. § 13-1-124 and venue is proper pursuant to C.R.C.P. 98.

## GENERAL ALLEGATIONS

5.  On or about July 6, 2021, at approximately 8:09 a.m., an underinsured tortfeasor driver, James Fouts, was operating a 2002 Ford Escape, northbound on Kipling Street, in the left turn lane (to enter westbound 6th Avenue), in Lakewood, Colorado.

6.  On or about July 6, 2021, at approximately 8:09 a.m., Plaintiff Norton was operating his 2013 Nissan pick-up truck southbound on Kipling Street, approaching the overpass of W. 6th Avenue, in Lakewood, Colorado.

7.  As the Norton vehicle proceeded through the intersection, Mr. Fouts made a left turn in front of Plaintiff Norton (failing the yield the right of way), and caused a collision with the Norton vehicle.

8.  As a result of the motor-vehicle collision caused by James Fouts, Plaintiff Norton suffered multiple personal injuries, all of which required medical treatment.

9.  The above-noted motor-vehicle collision was a direct result of the carelessness and/or negligence of the underinsured driver, James Fouts (including, but not limited to, failure to keep a proper lookout, failure to yield the right of way, and careless driving causing serious bodily injury).

10. The underinsured driver, James Fouts, was cited for Failure to Yield While Making a Left Turn, in violation of Lakewood Municipal Code.

11. As a further direct and proximate result of the acts and omissions of the underinsured driver, Plaintiff Norton incurred past, and will incur into the future, economic damages including, but not limited to, medical and other healthcare expenses, and a loss of income.

12. As a further direct and proximate result of the acts and omissions of the underinsured driver, Plaintiff Norton incurred non-economic damages, including, but not limited to, physical pain and mental suffering, loss of quality and enjoyment of life, inconvenience, and physical impairment and disfigurement damages, all in amounts to be determined at trial.

13. At the time of the above-noted motor-vehicle collision, Plaintiff Norton had a policy of

motor-vehicle insurance (in full force and effect), with Defendant Auto-Owners.  The policy included underinsured motorist coverage ("UIM").

## FIRST CLAIM FOR RELIEF
### (UIM Benefits Due and Breach of Insurance Contract)

14.    Plaintiff Norton incorporates by reference all the above paragraphs.

15.    At all times relevant to this action, Plaintiff Norton was an insured under his Auto-Owners Policy, with uninsured/underinsured motorist coverage (UM/UIM), in effect at the time of the above-noted motor-vehicle accident.

16.    Plaintiff Norton settled for policy limits of the underlying tortfeasor (James Fouts), with the full knowledge and consent of Defendant Auto-Owners.

17.    The value of Plaintiff Norton's injuries, harms, losses, and damages are reasonably valued in excess of the bodily injury policy limits of the underinsured driver (James Fouts).

18.    Plaintiff Norton is entitled to underinsured motorists benefits in these circumstances under the uninsured/underinsured motorist coverage under the above-noted policy issued by Defendant Auto-Owners.

19.    Defendant Auto-Owners has a duty and is obligated under said insurance contract to tender to Plaintiff Norton all amounts of underinsured motorist benefits owed under the insurance policy once it is reasonably clear such benefits are owed.

20.    Defendant Auto-Owners has wrongfully and unreasonably undervalued the damages its insured sustained, and recklessly disregarded the fact that its conduct was and is unreasonable.

21.    Although such benefits are reasonably owed, Defendant Auto-Owners has wrongfully denied benefits and failed to tender the underinsured motorist benefits due and owing to Plaintiff Norton.

22.    Plaintiff Norton has been deprived of the insurance coverage and benefits for which he paid for, and for which he is entitled to.  As a result, Defendant Auto-Owners has breached the insurance contract.

23.    As a direct and proximate result of Defendant Auto-Owners' failure to tender the UIM benefits, breach of its duty of good faith and fair dealing, and breach of contract, Plaintiff Norton has been deprived of the benefits due under the insurance contact and the benefit of that bargain, as well as resulting damages.

## SECOND CLAIM FOR RELIEF
### (C.R.S. § 10-3-1115 and § 10-3-1116 – Unreasonable Delay/Denial of Benefits)

24.    Plaintiff Norton hereby incorporates by reference all the above paragraphs.

25.    In violation of C.R.S. § 10-3-1115, Defendant Auto-Owners has unreasonably denied payment of underinsured motorist benefits due and owed to Plaintiff Norton under the subject insurance policy.

26.    Pursuant to C.R.S. § 10-3-1116, in addition to all of the underinsured motorist benefits due, Plaintiff Norton is entitled to reasonable attorneys' fees, court costs, plus two times the amount of underinsured motorist benefits unreasonably denied and/or delayed by Defendant Auto-Owners.

## THIRD CLAIM FOR RELIEF
### (Bad Faith)

27.    Plaintiff Norton incorporates by reference all the above paragraphs.

28.    Defendant Auto-Owners owed and continues to owe Plaintiff Norton duties of good faith and fair dealing.

29.    Defendant Auto-Owners breached its duties of good faith and fair dealing to Plaintiff Norton, its insured, and acted in bad faith through its conduct, including, but not limited to, denial of benefits, including, but not limited to, the following additional acts and omissions:

   a.  Failing to pay benefits, or any portion thereof, promptly and timely, when it is reasonably clear that Plaintiff Norton is entitled to insurance benefits;
   b.  Failing to promptly and timely notify Plaintiff Norton, its insured, of any deficiency or matter in dispute with regard to his claim for insurance benefits;
   c.  Failing to give equal consideration to the interests of Plaintiff Norton, its insured;
   d.  When investigating Plaintiff Norton's claims, failing to diligently search for evidence which supported Plaintiff Norton's claims;
   e.  Seeking to discover only evidence to defeat Plaintiff Norton's claims;
   f.  Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for denying or delaying and/or withholding benefits;
   g.  Completely ignoring a policy limits demand emailed to Defendant Auto-Owners on October 17, 2023;
   h.  Completely ignoring all follow-up emails and telephone calls to the adjuster handling the claim (Anngelica Reseigh);
   i.  Completely ignoring an email to Adjuster Anngelica Reseigh on November 17, 2023 (after the 30-day policy-limits demand expired) asking for a response and letting Defendant Auto-Owners know that Plaintiff Norton would be commencing litigation;
   j.  Failing to pay claims without conducting a reasonable investigation based upon all available information;

k.  Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

l.  Compelling Plaintiff Norton to initiate litigation to recover amounts due under the insurance policy or by offering substantially less than the amount Plaintiff Norton is entitled to recover; and,

m.  Forcing Plaintiff Norton into the costly and lengthy process of litigation to obtain insurance benefits due under the insurance contract.

30. Defendant Auto-Owners' breach of the duty of good faith and fair dealing constitutes a bad faith breach of contract.

31. Defendant Auto-Owners willfully engaged in conduct that violated the Unfair Claims Settlement Practices Act.

32. Defendant Auto-Owners knew its conduct was and is, unreasonable, or recklessly disregarded the fact that its conduct was and is, unreasonable.

33. Defendant Auto-Owners' conduct resulted in denying and not paying benefits to Plaintiff Norton, which caused Plaintiff Norton damages and losses.

34. As a direct result of Defendant Auto-Owners' breaches of its duties of good faith and fair dealing to Plaintiff Norton, Plaintiff Norton suffered economic and non-economic damages including, but not limited to, mental anguish and emotional distress, loss of use of his insurance benefits and funds; attorneys' fees, cost of litigation, and other consequential damages, all in amount to be determined at trial.

35. As a direct and proximate result of Defendant Auto-Owners' failure to tender the UIM benefits and its breach of its duty of good faith and fair dealing, and bad faith breach of contract, Plaintiff Norton has been deprived of the benefits due under the insurance contract and the benefit of that bargain, as well as resulting damages.

**WHEREFORE**, for the foregoing reasons, Plaintiff Norton respectfully requests that this Court enter judgment in his favor, and against Defendant Auto-Owners in an amount that fully compensates him for all damages for which Defendant Auto-Owners is liable, including: 1) all underinsured motorist benefits due under the policy in an amount determined at trial; 2) two times the amount of underinsured motorist benefits unreasonably denied or delayed pursuant to statute; 3) attorneys' fees and court costs, including expert witness fees and filing fees; 4) economic and noneconomic common law bad faith damages; 5) pre- and post-judgment interest as allowed by law; and 6) such further and other damages and relief as this Court deems just and fair.

## PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES

Respectfully submitted this 13th day of December, 2023.

LAW OFFICE OF TIMUR KISHINEVSKY, LLC

*Original signature on file with*
*Law Office of Timur Kishinevsky, LLC*

*/s/ Michael J. Buchanan*
Michael J. Buchanan, #21780
Timur G. Kishinevsky, #31085
2851 S. Parker Rd., Suite 150
Aurora, Colorado 80014
Tel: (720) 748-8888
Fax: (720) 748-8894
*Attorneys for Plaintiff Steven Norton*

Plaintiff's Address:

Steven Norton
12305 W. 54th Drive
Arvada, Colorado 80002